UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11039-GAO

ALFREDA KENDRICK,
Plaintiff,

v.

ZWICKER & ASSOCIATES, P.C.,
Defendant.

OPINION AND ORDER
September 30, 2025

O'TOOLE, D.J.

This lawsuit arose when Alfreda Kendrick was fired from her job as a debt collector at Zwicker & Associates, P.C. Pending before the Court are Zwicker's motion to strike Kendrick's affidavit submitted in opposition to the defendant's motion for summary judgment (dkt. no. 107) and Zwicker's motion for summary judgment in its favor as to all counts against it (dkt. no. 95). For the reasons discussed below the defendant's motion to strike is GRANTED in part and DENIED in part and the motion for summary judgment is GRANTED in its entirety.

**I.      Background**

Kendrick worked at Zwicker from April 2016 until her employment was terminated in December 2021. Kendrick claims she was fired despite her having been a top performer because she is African American and disabled. Zwicker counters that she was fired due to her excessive, unexcused absences.

Kendrick suffers from "avascular narcosis,"[1] a condition that results in hip pain and decreased mobility and eventually may require hip replacement surgery. In 2018, she informed Zwicker of her disability as part of her application to receive an accommodation for a handicapped parking permit, which she received. In March 2019, Kendrick requested another accommodation for short-term intermittent leave to deal with her disability on days she was experiencing flareups which required her use of a sitting/standing desk. Zwicker denied her request in July 2019 as incomplete because her doctor had failed to provide adequate information supporting her request. Kendrick ultimately received a sitting/standing desk by taking over one left by a departing coworker. She was never granted her request for intermittent leave.

Separately, Kendrick alleges she was subjected to racial discrimination at Zwicker. She had a prior racially-charged confrontation with a Zwicker coworker while both were employed at a different company. Kendrick reported this past confrontation to her supervisor at Zwicker, but Zwicker took no action in response to her request. In another instance in September 2021, Kendrick overheard two Zwicker employees making derogatory comments about "black girl hair." As a result of her complaint about the comments, one of these coworkers resigned and the other was terminated. Kendrick also alleges that her colleagues were cold to her in ways they were not cold to non-African American coworkers.

In August 2021, Kendrick was sanctioned for inappropriate interactions with coworkers. In addition, she incurred five unapproved attendance violations beginning in November 2021. After her fifth violation, Zwicker terminated Kendrick's employment on December 9, 2021.

---

[1] A similar disability exists called "avascular necrosis." However, this opinion will use the spelling contained in the parties' papers.

During her employment at Zwicker, Kendrick accrued a total of thirteen corrective actions for various policy infractions including timeliness and insubordination. Her performance reviews also include comments stressing the need for her to be at work on time. In her favor, her reviews made clear that she was one of the company's top debt collectors.

Kendrick filed this action on April 6, 2023, in Middlesex Superior Court. Her complaint includes numerous claims, including handicap and race discrimination, retaliation, harassment, failure to accommodate, interference with protected leave, and wage violations.[2] Zwicker removed the action to this Court based on federal question jurisdiction.

## II.    Motion to Strike

Zwicker moves to strike: (1) portions of Kendrick's affidavit submitted in opposition to the motion for summary judgment; and (2) portions of Kendrick's statement of additional facts and her response to Zwicker's additional statement of facts that are based on the same portions of this affidavit. Zwicker's motion is granted in part and denied in part.

The following challenged paragraphs of the affidavit will not be stricken: 2, 6, 7, 15, 18, 19, 20, 26, 30, 42, 53, 54, 60, 64, 76, 77, 80, 113, 120, 122, 133, and 141.

The following challenged paragraphs will be struck in full: 8, 9, 12, 14, 23, 25, 29, 50, 52, 67, 68, 71, 74, 78, 87, 90, 91, 92, 94, 116, 118, 142, 143, 144, and 146.

The following challenged paragraphs will be struck in part: 21 will be struck only as to the last sentence, 22 will be struck as to Ms. Peguero's motivations, the first sentence in 28 is struck, 31 is struck as to the coworker's plans and intentions, 36 is struck as to calling the accommodation reasonable, 51 is struck as to the last clause, 57 is struck as to its discussion of Ms. Ellis' state of

---

[2] On March 19, 2025, the parties stipulated to a dismissal of the wage violation claims (Counts X, XI, XII, and XIII). (See dkt. no. 110.)

3

mind, 61 is struck as to the first clause, 65 is struck as to the proper manner in which the company is expected to handle leave requests, 66 is struck only as to Mr. Maher's state of mind, 86 is struck as to the conclusion about certain work arrangements being undue burdens, 88 is struck as to the interactive process, 93 is struck as to the statement about coworkers, 107 is struck as to how the policy should have been implemented, 117 is struck as to Mr. Henry's feelings, 134 is struck as to Mr. Greene's knowledge of Ms. Kendrick's son, 135 is struck only as to the clause "and was protected under the FMLA and MA PFML," and in 137 the word "protected" is struck.

### III.     Motion for Summary Judgment

Zwicker's motion for summary judgment is granted in full for the following reasons. First, the Americans with Disabilities Act ("ADA"), Title VII, and Massachusetts General Laws chapter 151B claims are untimely (Counts I, II, V, VI, VIII, and IX). An employee is required by statute to file an administrative claim with the Massachusetts Commission Against Discrimination within 300 days after the last alleged unlawful employment practice occurred for both federal and state claims. See Tuli v. Brigham & Women's Hosp., 656 F.3d 33, 40 (1st Cir. 2011) (stating 300-day standard applies to both federal and state claims); Mekonnen v. OTG Mgmt., LLC, 394 F. Supp. 3d 134, 149 (D. Mass. 2019) ("Under both the ADA and 151B, an employee must file an administrative charge either with the EEOC or with the parallel state agency before filing suit."); Alston v. Massachusetts, 661 F. Supp. 2d 117, 122 (D. Mass. 2009). Discrimination claims based on discrete acts that occurred outside of this 300-day timeframe are barred. See Savage v. City of Springfield, No. 3:18-CV-30164-KAR, 2021 WL 858409, at *6 (D. Mass. Mar. 8, 2021).

The majority of the facts that Kendrick relies on for these claims occurred outside of the 300-day window. The only facts that occurred within the relevant timeframe are:

September 2021 – Kendrick overheard two Zwicker employees using racial slurs and making derogatory comments about "black girl hair." One of these coworkers resigned and the other was terminated.

November 15, 2021 – Kendrick left work early because her daughter was locked out of the house.

November 19, 2021 – Kendrick left work for an unexplained family emergency.

December 1, 2021 – Kendrick arrived late to work due to a veterinarian visit.

December 3, 2021 – Kendrick arrived late to work with no reason given.

December 8, 2021 – Kendrick left work early for a family emergency related to her son. (It is disputed whether Zwicker knew her son was disabled.)

December 9, 2021 – Kendrick was terminated.

These limited events are not sufficient to permit a jury to decide the employment discrimination claims in favor of Kendrick.

The Court next grants summary judgment as to Counts III and IV, Kendrick's Family and Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"), and the Massachusetts Paid Family and Medical Leave Act, Massachusetts General Laws chapter 175M ("PFMLA") claims.

Both the FMLA and PFMLA retaliation claims are subject to the McDonnell Douglas burden-shifting framework. See Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 160 (1st Cir. 1998) (applying burden shifting analysis to FMLA retaliation claim); Corbett v. Mananto Enter., LLC, No. 2280CV00153, 2024 WL 3843145, at *10-11 (Mass. Super. June 5, 2024) ("The court turns to case law under the [FMLA] to assess the plaintiff's [PFMLA] claims because state courts have not yet had an opportunity to provide guidance on the PFMLA given its recent enactment."). Under this framework, it is "unlawful for any employer to, among other things: (1) 'interfere with,

restrain, or deny the exercise' of any FMLA right; or (2) retaliate or 'discriminat[e] against employees . . . who have used FMLA leave'." Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 718 (1st Cir. 2014) (citations omitted). Both statutes provide that employers cannot retaliate against employees who utilize leave. 29 U.S.C. § 2615(a)(2); Mass. Gen. Laws ch. 175M, § 9; see Rousseau v. Clark Univ., No. 22-CV-40118-DJC, 2023 WL 3435570, at *2, *4 (D. Mass. May 12, 2023) (quoting Carrero-Ojeda, 755 F.3d at 718).

The Court assumes without deciding that Kendrick has established a prima facie case, the first step in the burden-shifting framework. However, Kendrick has failed to prove that Zwicker's proffered legitimate, non-discriminatory reason for firing Kendrick, namely, her repeated policy violations, is pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973).

Evidence of pretext may include "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffer, the close temporal proximity between the protected conduct and the adverse action, or the sequence of events leading up to the adverse action." Lopera v. Compass Grp. USA, Inc., 578 F. Supp. 3d 130, 137–38 (D. Mass. 2021) (quoting Fournier v. Massachusetts, No. 20-21234, 2021 WL 4191942, at *4 (1st Cir. Sep. 15, 2021) (internal punctuation omitted).

Zwicker offers historical performance reviews, emails, and voice recordings as justification for the adverse actions it took against Kendrick. The burden then shifts to Kendrick to offer "minimally sufficient" evidence of pretext and of Zwicker's discretionary animus to survive summary judgment. See Theidon v. Harvard Univ., 948 F.3d 477, 497 (1st Cir. 2020). Kendrick does not clear this hurdle. For example, the temporal proximity between the protected activities and adverse actions is not enough to show pretext because the penalties imposed over time by Zwicker followed clear policy violations by Kendrick. See Planadeball v. Wyndham Vacation

6

Resorts, Inc., 793 F.3d 169, 179 (1st Cir. 2015) (holding pretext cannot be shown from temporal proximity alone when plaintiff committed numerous violations of legitimate workplace rules).

The interference claims found in Counts III and IV are also dismissed. Kendrick must establish that: (1) that she is an "eligible employee" under FMLA; (2) that she worked for an employer covered under FMLA; (3) that she gave adequate notice to her employer of her intention to take leave for a covered reason; and (4) that her employer denied her benefits to which she was entitled by FMLA. See Surprise v. Innovation Grp., Inc. / First Notice Sys., Inc., 925 F. Supp. 2d 134, 145 (D. Mass. 2013). Kendrick has not shown the essential third element. The statute makes clear that it is the employee's responsibility to "explain the reasons for the needed leave so as to allow the employer to determine whether the leave qualifies under the Act" and "[i]f the employee fails to explain the reasons, leave may be denied." 29 C.F.R. § 825.301(b). It is undisputed that Zwicker considered Kendrick's 2019 accommodation request to lack sufficient support from her healthcare provider. This certification form, which was submitted for the Court to review, was not adequately filled out and Zwicker was justified in denying it. What is more, it is undisputed that when Kendrick provided the proper medical documentation, she received her requested accommodations. (See Pl.'s Resp. to at ¶¶ 41–44 (dkt. no. 105).) Accordingly, summary judgment is appropriately GRANTED as to Counts III and V.

Summary judgment is also granted as to Count VII, Kendrick's claim under 42 U.S.C. Section 1981. This claim fails for the same reason as stated above: Kendrick has failed to establish pretext. See Joseph v. Lincare, Inc., 989 F.3d 147, 157 (1st Cir. 2021) (applying McDonnell Douglas burden-shifting framework to a § 1981 discrimination claim).

In conclusion, the Court GRANTS summary judgment in Zwicker's favor as to all Counts.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
